Argued November 21, affirmed December 22, 1975, reconsideration denied February 4, petition for review denied February 24, 1976

In the Matter of Greybull, Dean, Willie, Deann, Laurie, Lance, Terrence, Minor Children.

STATE ex rel MULTNOMAH COUNTY JUVENILE DEPARTMENT et al, *Respondents, v.* GREYBULL (No. 48,907, CA 4649), *Appellant.*

543 P2d 1079

*James T. Marquoit,* Portland, argued the cause for appellant. With him on the brief was Steven M. Rose, Portland.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent State of Oregon. With him on the brief was Lee Johnson, Attorney General, Salem.

*Richard G. Helzer,* Portland, argued the cause and filed the brief for respondent minor children.

*Bertram E. Hirsch,* New York, New York, filed a brief as amicus curiae for Standing Rock Sioux Tribe of Indians.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

The state sought termination of the parental rights of Patricia and Delano Greybull to their six children, alleging that the parents were unfit because of circumstances detrimental to the children. ORS 419.523(2). In particular, the state alleged that the parents were chronic alcoholics and that they had failed to adjust their circumstances so that their children could be returned to them. The trial court ordered termination, finding that the allegations contained in the petition were true. It permanently committed the children to the Children's Services Division (CSD) for supervision and possible adoptive placement. Only the mother appeals from this decision.

On appeal she asserts several assignments of error, including (1) that the court did not have jurisdiction to hear the case since both parents were enrolled members of Indian tribes, (2) that there was insufficient evidence to support termination of her parental rights, and (3) that the evidence did not support termination since the children were Indian and the paternal grandparents could assume custody.

The five oldest Greybull children came to the attention of CSD when they were found by police wandering in the streets of Portland, three of them nude and two wearing only shirts. The children all had multiple sores and bruises. According to the police report, the parents were not home and the house was squalid. A week later the parents asked to have the children remain in foster care while they retained counseling for their drinking problems. The children were made wards of the court with temporary custody awarded to CSD after a hearing in April 1973.

A sixth child, who was born in March 1974, was made a ward of the court with temporary custody in CSD in July 1974 after appellant had left him to be taken care of by a counselor from the Urban Indian Program when he was three weeks old and had not taken him back.

All children have been in foster homes. At the time of the termination hearing in April 1975 the children were seven, six, five, five, four and one years of age. A seventh child was placed for adoption in November 1972 in Washington and has no connection with this case.

The evidence showed that the Greybull parents met in Los Angeles in 1966, and have not lived on a reservation since then. Mr. Greybull is an enrolled member of the Standing Rock Sioux tribe of North

Dakota; Mrs. Greybull is an enrolled Blackfoot of Montana. Mrs. Greybull told CSD she had been a heavy drinker since her early teens. The parents were separated at the time of the hearing, with Mr. Greybull living in North Dakota and Mrs. Greybull in Seattle.

The evidence showed that the Greybulls moved frequently while they were living in Portland and maintained irregular contacts with the children. Each had lost several jobs because of absenteeism due to alcoholism. Both had started alcoholic treatment programs several times. They had moved away from Portland in the fall of 1974 and had no direct contact with the children after that time.

■ In her first assignment of error, appellant contends that the court should have sustained a demurrer to the petition on the grounds that it had no jurisdiction. She then argues that the tribal courts have exclusive jurisdiction over domestic relations cases involving Indians. The cases she cites do not support this view.

Appellant relies heavily on *Wisconsin Potowatomies, etc. v. Houston,* 393 F Supp 719 (WD Mich 1973). There the court found that orphaned children living off the reservation were subject to the exclusive jurisdiction of the tribal court because they were still domiciled on the reservation.

In this case, on the other hand, the Greybull children had not lived on a reservation, nor is there any claim that they have ever had their domicile there. The general rule is that Indians domiciled off their reservation are subject to state laws. *Mescalero Apache Tribe v. Jones,* 411 US 145, 148-49, 93 S Ct 1267, 36 L Ed 2d 114 (1973); E. Cohen, Handbook of Federal Indian Law 119 (1945). *See also: Red Fox*

*and Red Fox,* 23 Or App 393, 542 P2d 918 (1975). Based on the petition here filed, ORS 419.476(1) (c, e) expressly authorized jurisdiction of the juvenile court over these children upon the admitted facts, and ORS 419.480 provides for venue in the court which tried the matter. We find that the Oregon court did have jurisdiction over these children and their parents for the purposes of this proceeding.

■ In another assignment of error appellant contends that there was insufficient evidence to prove the allegations of the petition for termination. In particular she maintains that there is no evidence that she was a chronic alcoholic after July 1974, and that there was no evidence that all available social agencies were used to aid her in overcoming her problems.

The evidence contains numerous references to her problems with alcoholism, to her starting treatment programs, and to her losing jobs because of absenteeism because of it. For the period after July 1974 there is testimony that she made a start on an antabuse program in September but failed to follow through with the second appointment. There is also her own testimony indicating that she was drinking for four months in Seattle in the winter of 1974-75. Mrs. Greybull testified that for the two months prior to trial she had been living in the halfway house of the Indian Alcoholism Program in Seattle, but even then she had been drinking some. The evidence is sufficient to prove chronic alcoholism since as well as before July 1974.

Furthermore, a witness for Mrs. Greybull who was director of the Native American Rehabilitation Association, an Indian alcoholism program, testified that the cure rate in such a program would be about three per cent. She also testified that in her experi-

ence it took a woman alcoholic three years to become stable.

■ Appellant also contends that there was no proof that the resources of all available social agencies were used to help her. She says that CSD had turned her case over to the Urban Indian Program (UIP), which was new and was insufficient for her needs, and had not contacted any other agencies. ORS 419.523(2)(e) requires that in determining whether the adverse conditions of the parents are likely to change, the court shall consider "reasonable efforts by available social agencies." The CSD caseworker testified that the Greybulls had wanted to work through UIP because they were more comfortable with the Indian agency than with a non-Indian one. She described a number of contacts with the Greybulls and with UIP, including an attempt to work out a better program for the Greybulls there. As the caseworker was considering the utilization of other agencies, the Greybulls left Portland.

We find that the evidence is sufficient to prove each of the challenged allegations of the petition. *State ex rel Juv. Dept. v. P.*, 23 Or App 295, 541 P2d 1301 (1975); *State v. Blum,* 1 Or App 409, 463 P2d 367 (1970).

Appellant's final assignment of error asserts that the evidence does not support the decision to terminate appellant's rights, apparently on the basis that termination of parental rights of American Indians should be treated differently than that of non-Indians. She argues that as Indians her children will be better off raised by an Indian family, and in particular by their paternal grandparents. This argument would be appropriate for the court to consider (ORS 109.-350) in any adoption proceeding instituted under ORS 109.305 to 109.400 for the adoption of the Greybull

children, or in a disposition hearing under ORS 419.-527. But the sole issue here is whether the parental rights of the mother under ORS 419.523 were correctly terminated. The question of the ultimate placement of the children, whether by adoption or otherwise, was not before the trial court. We do not reach that question.

The remaining assignment of error does not merit consideration.

Affirmed.