Argued May 19, affirmed June 20, 1977

In the Matter of the Adoption of Dean D. Greybull,
Delano W. Greybull, Deanne M. Greybull, Laurie J.
Greybull, Lance Greybull and Terrance Greybull,
Minor Children, by

GREYBULL et ux, *Appellants,*
*v.*
CHILDREN'S SERVICES DIVISION,
*Respondent.*
(No. D 76-10-13980, CA 7732)
565 P2d 773

William P. Lamb, Mendocino, California, argued
the cause for appellants. With him on the brief were
Kurt Engelstad, Portland, and Bertram E. Hirsch,
Mendocino, California.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

Tanzer, J., concurring opinion.

## RICHARDSON, J.

Petitioners appeal dismissal of their petition to adopt their six grandchildren. The petitioners, the children and the natural parents are all American Indians.

The parental rights of the natural parents were terminated by the circuit court in 1975 and the children were permanently committed to the Children's Services Division for possible adoption. This termination was affirmed on appeal. *State ex rel Juv. Dept. v. Greybull,* 23 Or App 674, 543 P2d 1079 (1975), Sup Ct *review denied* (1976). Subsequently, petitioners filed a petition for adoption of the six children in the circuit court. Respecting consent to adoption, the petition alleged that since the parental rights of the natural parents had been terminated their consent was not necessary and that the Children's Services Division "may consent to the adoption of the Greybull children herein." The Children's Services Division, however, refused to consent to the adoption and moved for dismissal of the petition on that ground. The petition was dismissed and petitioners appeal.

■ As a result of the termination of parental rights and commitment of the children to Children's Services Division, the Division's consent is jurisdictionally necessary for adoption. ORS 109.316; *McCleskey v. Welfare Comm.,* 4 Or App 308, 477 P2d 235 (1970), Sup Ct *review denied* (1971). Petitioners concede the Division's consent is required and they do not ask us to overrule our decision in *McCleskey v. Welfare Comm., supra.* Rather, they contend the court cannot accept Children's Services Division's refusal to consent until they have been given a due process hearing on the issue of consent. In addition, petitioners claim for the first time on appeal, without the benefit of any proof in the record, the Division has a policy of seeking to place Indian children for adoption in non-Indian homes. They contend this policy is a violation of the equal protection of the law and the court should have

held a hearing or required the Department of Human Resources to hold a hearing on the propriety of the refusal to consent.

■■ We do not reach the substantive issue posed by petitioners since we hold the propriety of the Division's refusal to consent cannot be raised in an adoption proceeding. Consent must be established as a jurisdictional fact and without it the court has no authority to proceed to consider the adoption petition. Withholding consent to adoption is an administrative decision and the court has no power to review an administrative decision in an adoption proceeding.

Affirmed.

**TANZER, J.,** concurring.

I concur based upon the unambiguous words of ORS 109.316 and the explicit holdings of *McClesky v. Welfare Comm.,* 4 Or App 308, 477 P2d 235 (1970), *rev den* (1971), and *State ex rel Juv. Dept. v. Kenneth M.,* 27 Or App 185, 555 P2d 933, *rev den* (1976). This case and the prior termination case illustrate the human damage that can result when lawyers rush to reach lofty constitutional principles without first doing the mundane analytical work necessary for choice of proper forum and procedure. We may infer that the hopes of the grandparents have been twice raised and dashed, and that the children, whose adoption should have been accomplished long ago, are still in limbo. Time taken to turn the wheels of justice works against these children. It is to their interest that this matter either be terminated or be raised in a manner which will allow its correct and speedy resolution, if there is such a manner.